**UNITED STATES DISTRICT COURT**
                      **DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BENNIE N. HUNT, JR., | |
| Plaintiff, | Civil No. 19-12249 (NLH/KMW) |
| v. | **OPINION** |
| JUDGE KEVIN MCNULTY and JUDGE JAMES B. CLARK, | |
| Defendants. | |

**APPEARANCES:**

BENNIE N. HUNT, JR.
200 GEORGIA KING VILLAGE
APT. #18B
NEWARK, NJ 07107

   *Appearing pro se.*

**HILLMAN**, District Judge

   This case concerns a claim of "aiding and abetting" by pro se Plaintiff Bennie N. Hunt, Jr. against two federal judges, the Honorables Kevin McNulty and James B. Clark. This matter is before the Court because Plaintiff applied to proceed in forma pauperis and the Court must screen this complaint before allowing the case to proceed. This Court will grant Plaintiff's application to proceed in forma pauperis, but will dismiss Plaintiff's complaint, with prejudice.

                          **BACKGROUND**

   This Court takes it facts from Plaintiff's Complaint filed

on May 7, 2019 as well as from the previous complaint filed in another federal matter. Plaintiff has named two putative Defendants: Judge Kevin McNulty and Magistrate Judge James B. Clark, III. At its core, it appears Plaintiff is unhappy with "THE JUDGES['] DECISIONS TO DISMISS CASE & CRIMINAL CHARGES AGAINST THE V.A.'S".[1] (Pl.'s Compl. 1.) The decision Plaintiff complains about here occurred in a matter found at 2:18-cv-12249, which was initiated on May 18, 2018. The only allegation he makes particularly against putative Defendants is that they were "ADDENDING [sic] & ABETTING GUILY PARTIES of the VA." (Pl.'s Compl. 1.) In terms of relief, it appears Plaintiff is requesting monetary compensation, as he includes multiple dollar signs in the Complaint and uses the word "compensation."

Some background on the previous case is helpful in understanding Plaintiff's claims and this Court's decision, infra. In the previous case, Plaintiff appears to complain about his treatment by the VA, VA hospitals, and VA personnel. After granting Plaintiff's application to proceed in forma pauperis ("IFP Application"), filing his complaint, and allowing summons to issue, the court in the previous case considered a

---

[1] "V.A." or "VA" as used in Plaintiff's Complaint appears to be a reference to the United States Department of Veterans Affairs (which this Court will refer to as the "VA"), VA hospitals, and VA personnel.

2

motion to dismiss filed by all defendants in the matter. Plaintiff was given the opportunity to respond and did respond in a series of letters to that court. On March 14, 2019, Judge McNulty published an opinion and order dismissing the case, without prejudice. The basis for the decision was two-fold, lack of jurisdiction and a failure to state a claim. Plaintiff attempted to state a claim under the Federal Tort Claims Act ("FTCA"), yet failed to exhaust administrative remedies or name the United States as the defendant. These were jurisdictional prerequisites which robbed the court of subject matter jurisdiction. Additionally, the previous court found Plaintiff had failed to state a proper FTCA claim and that the claims filed were untimely.

Here, Plaintiff appears to provide similar allegations concerning his treatment by the VA and the medical issues he still suffers from. (Pl.'s Compl. 3-4.) As discussed supra, it appears he asserts the criminal claim of aiding and abetting and requests this Court to review the decision of the previous court dismissing his action. Presently before the Court is Plaintiff's IFP Application and the Complaint, as well as a Motion for "Financial Stabilities." The IFP Application and Complaint are ripe for this Court's sua sponte screening.

**ANALYSIS**

**A. Subject Matter Jurisdiction**

Plaintiff alleges this Court has subject matter jurisdiction over his claims pursuant to 28 U.S.C. §§ 1331. This Court will examine whether it possesses subject matter jurisdiction infra.

**B. Plaintiff's IFP Application**

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

A pro se plaintiff wishing to proceed in forma pauperis must fill out form "AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs." The form requires the plaintiff to "[c]omplete all questions in this application," and "[d]o not leave any blanks." In addition, "if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." The form contains twelve questions, and many questions contain numerous subparts, which are utilized by the Court to determine a plaintiff's indigency. Finally, as part of the application, the plaintiff must swear under penalty of perjury that the information contained in the

4

application is true.

In this action, Plaintiff seeks to proceed in forma pauperis. This Court finds Plaintiff has filed a completed AO 239 form that contains his signature swearing, under penalty of perjury, that the information contained therein is true. Based upon the information contained in the IFP Application, this Court finds Plaintiff may proceed in forma pauperis and therefore grants his IFP Application.

**C.   Screening Standard**

Although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications. See Hickson v. Mauro, No. 11-6304, 2011 WL 6001088, at *1 (D.N.J. Nov. 30, 2011) (citing Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)); Lister, 408 F.3d at 1312 ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners."). Once IFP status has been granted, a court must follow the screening provisions of the IFP statute. The screening provisions of the IFP statute require a federal court to dismiss an action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Dep't of Homeland Sec., No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017)("Federal law

requires this Court to screen Plaintiff's Complaint for <u>sua sponte</u> dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit.").

As indicated, this Court must follow the Rule 12(b)(6) standard in considering a pro se complaint. Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant. <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976). But, pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); <u>Sykes v. Blockbuster Video</u>, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

When screening a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is

sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(alteration in original)(citations omitted)(citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); Papasan v. Allain, 478 U.S. 265, 286 (1986)).

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (alterations in original)(citations omitted)(quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)). A court may "generally consider only the allegations contained in the complaint,

exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

**D. Screening of Plaintiff's Complaint**

Under the standard explained supra, this Court will screen Plaintiff's Complaint in order to determine whether any claims asserted in it may proceed. This Court will address the criminal claim first and then address Plaintiff's apparent request for review of the decision in the previous case.

a. <u>Plaintiff's Federal Criminal Claim</u>

This Court first considers the claim made by Plaintiff that the putative Defendants here committed the crime of aiding and abetting. The Court will assume for the purposes of this analysis that Plaintiff has properly stated this claim. The Court notes, however, that Plaintiff has not adequately pleaded what other substantive offense was committed by another, whether putative Defendants possessed the requisite intent to aid in the commission of the other substantive offense, and whether the other substantive offense was actually committed. <u>United States v. Powell</u>, 113 F.3d 464, 467 (3d Cir. 1997) (explaining the elements required to convict an individual of aiding and abetting).

Plaintiff has brought these claims in a civil action. This Court lacks the authority to grant Plaintiff this type of relief in a federal civil action. <u>See</u> <u>Concepcion v. Resnik</u>, 143 F. App'x 422, 425-26 (3d Cir. 2005) (citing <u>United States v. Friedland</u>, 83 F.3d 1531, 1539 (3d Cir. 1996) ("The United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")); <u>see also</u> <u>Capogrosso v. Supreme Court of N.J.</u>, 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."). Accordingly, Plaintiff's criminal claim of aiding and abetting is dismissed,

with prejudice.

      b. <u>Plaintiff's Other Claim</u>

It is unclear whether and what Plaintiff intends to claim besides an aiding and abetting claim.  However, it appears clear that Plaintiff's Complaint alleges the dismissal of his case by the putative Defendants was incorrect.  This Court will assume for the sake of argument that Plaintiff is correct and that the putative Defendants incorrectly dismissed his previously filed action.  Assuming those circumstances to be true, the Court will also consider whether Plaintiff can bring a new action in this Court asking it to review and reverse the decision of another court within this District.

Plaintiff cannot.  This Court does not have appellate jurisdiction to review decisions of a district court.  <u>See</u> 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the districts courts of the United States . . . ."); 28 U.S.C. § 1291 ("[T]he courts of appeals shall have jurisdiction of appeals from: . . . [i]nterlocutory orders of the district courts of the United States . . . .").  <u>Cf.</u> <u>Tucker v. Sebelius</u>, No. 12-5900 (RBK/AMD), 2013 U.S. Dist. LEXIS 162844, at *39 (D.N.J. Nov. 15, 2013) ("This Court has no appellate jurisdiction over either Plaintiff's conviction or her claim for post-conviction relief.  28 U.S.C. § 1291.").  Plaintiff's

proper recourse is not to file a new complaint, but pursue an appeal. Accordingly, to the extent this claim is made, this Court will dismiss it for lack of subject matter jurisdiction. Because the Complaint cannot proceed, this Court must dismiss Plaintiff's pending motion as moot.

## **CONCLUSION**

For the reasons stated herein, this Court will grant Plaintiff's IFP Application, dismiss his complaint, with prejudice, and dismiss the Motion for Financial Stabilities as moot.

An appropriate Order will be entered.


Date: May 13, 2019            s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.